IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMMY WALLACE, | Civil No. 1:22-cv-0662 |
| Petitioner, | |
| | (Judge Sylvia H. Rambo) |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## MEMORANDUM

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), as well as a Report and Recommendation of United States Magistrate Judge Susan Schwab (Doc. 34), Petitioner Timmy Wallace's objections to the Report and Recommendation (Doc. 36) and the Respondents' brief in opposition to the objections (Doc. 37). Upon careful consideration of these filings, the court will adopt the Report and Recommendation and dismiss the petition.

**I.   Legal Standard**

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it

1

deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

## II.     Discussion[1]

In his petition for a writ of habeas corpus, Wallace contends that he is entitled to habeas corpus because evidence taken by police from his vehicle and used against him at trial was obtained in violation of the Fourth Amendment, and further, that his continued confinement in the midst of the COVID-19 pandemic violates the Eighth Amendment. Wallace has also moved to supplement his petition to include an additional Fourth Amendment claim based on the collection of his DNA as well as a claim that he was improperly sentenced under the ACCA. The Report and Recommendation carefully analyzes these claims and correctly

---

[1] The factual background and procedural history of this case is set forth in detail in the Report and Recommendation and need not be repeated.

concludes that the court should dismiss the United States as a respondent; dismiss the Fourth Amendment claims underlying Petitioner's conviction for lack of jurisdiction; deny the motion to supplement the petition as futile; and dismiss the Eighth Amendment claim for failure to exhaust administrate remedies.

In his objections to the Report and Recommendation, Wallace does not engage with its analysis or specifically object to any of its findings. Instead, Wallace merely reasserts that he was subjected to an unlawful search and that *Nasir* brings his Fourth Amendment claim under the savings clause. Since mere disagreement with a report and recommendation is not a basis to decline to adopt it, the court construes Plaintiff's objections as general objections, and thus is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-cv-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no such error or injustice here.

Nonetheless, the court will reiterate that a motion pursuant to 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974). Thus, any claim challenging a conviction or sentence under 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). The only exception (known as the savings clause) is

where a challenge brought under § 2255 would be "inadequate or ineffective" to test the legality of detention. *See* 28 U.S.C. § 2255(e); *Davis*, 417 U.S. at 343. As Magistrate Judge Schwab properly determined, Wallace has not met his burden of showing that he meets the savings clause because he has not shown a change in the substantive law under which he was convicted or an intervening change in the law rendering the act for which he was sentenced no longer criminal. (Doc. 34 at 11-13.)

In addition, Wallace's reliance on *United States v. Nasir*, 17 F.4th 459, 462 (3d Cir. 2021) to argue that his conviction for attempted sale of a controlled substance is not a predicate offense under the ACCA is misguided. The Third Circuit did not render the crime for which Wallace was convicted noncriminal, and therefore, as Magistrate Judge Schwab concluded, the case does not afford him relief. (Doc. 34 at 12.)

### III.  Conclusion

For the reasons set forth above, the Report and Recommendation will be adopted. An appropriate order will issue.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge